Opinion of the Court, by
Judge Mills.
Lewis Field filed his bill, stating that qs heir at law of Daniel Field, he had long since recovered a judgment on a bond executed by Meredith Price and Benjamin Pope, his security, against William Pop;e, who was the executor of said Meredith Price, and also against said Benjamin Pope, the security; that Price, by his will, had directed that so much of his land, lor cated in the county of Jefferson, should be sold, as would be necessary to pqy his debts, at six months’ credit, by public auction; that the said Price, before his death, had three tracts of land, one of 400 acres, one of 1,000, and the third of 2, 041 acres, entered and surveyed in Jefferson; that the executors of said Price }md sent the surveys to the Register’s office, and believing that the grants had issued therefor, they advertised and sold at public auction the 1,000 and 2,941. acre tracts, according to the will, and Benjamin Pope became the purchaser, at £620, and the said executors ponveved to him the lands, and then he conveyed the *134 said lands to Worden Pope, in trust, to sell and dis-P'e aforesaid judgment; but that David Ross had obtained from Elizabeth Price, widow of the decedent., who was named executrix in the will, but had not qualified, an assignment of the plats and certificates, fraudulently, and had obtained the patents in his name, and that there was no other fund out of which the judgment aforesaid could be satisfied.
Women Pope’s an- ^ same day’ withthe bill,
íioaüoif a-b" gainst David .Ross and E. Price.
ontodon°Xe" Worden and Win. Pope, Advertise-order of mb lication lfor ci^htweeks,
Decree for sale of the laud & costs, íernTiSlO.
Me named all the executors who ivere named in the will, except two, who were dead,.defendants, as well as David Ross and Worden Pope, and prayed that the land might be subjected to sale, and that David Ross might be compelled to convey his title to the purchaser.
This bill was filed on the 21st day of May 1810, and on the same day Worden Pope entered his appearance, and admitted the jurisdiction of the court, and that he the conveyance from Benjamin Pope for the pur-pose of satisfying the said judgment first, and then an-other debt of £l00 to another individual, and also professed his readiness to sell, for the payment of the debt, if the court should so decree.
Three days after this bill was filed, an order of publication was awarded against David Ross and Elizabeth Price.
On the 8th of June following, process of subpoena WaS awarc1,ci- 1:0 -Rtly term following, which was re-turned executed on Worden and William Pope; and proof was produced at the next term, that the order of publication had been inserted eight successive weeks, aiK^ ^be cailise was continued,
At the next succeeding term, in the month of Novem-her, the following decree was entered, omitting its formal parts, and recitals of service, publication, &c.
“ It is decreed and ordered, that the complainant re-* cow against the said executor the sum of four hundred' and seventy-five pounds ten shillings, the damages, and, two hundred and sixty pounds of tobacco, and sixteen ^tilings and six pence, the costs, for which judgment in the bill mentioned was rendered, with interest on said .■£475 10s. at the rate of five per centum per annum, from the sixth day of March, in the year 1789, until the time of payment, and the costs by him in this suit expended; and it is decreed and ordered, that the 400 acres, 2,941 acres, and 1,000 acres of land in the bill- *135 mentioned, be sold at the court-house in Louisville, oh the second Monday in January next, to the highest bidder, at three months’ credit, upon taking bond from the purchaser, with good security, for the payment of the purchase money, payable to the commissioners here^ after named, or any two of them, to be applied to the discharge of this decree, and the further order of this court. And it is further decreed and ordered, that William F. Simrall, John Evans and Henry Duncan, or any two of them, be appointed commissioners to make the sale aforesaid, and to carry this decree into effect, and that they make report of their proceedings to next court.”
commissioners returned ea, conven-anees direct-^^*1®*^* execution awarded for oi February 21, 1811.
Petition for aecreef by° non-resident defendants, * February’ 14,
Demurrpr t0 bill filed and overruled, & S1™" tsmii to' an„ swer.
The commissioners made report to the next term, and at that term, to wit, on the 21st day of February 1811, the court noticed the return of the report, and approved thereof, and directed a credit for the amount to be entered on the former decree; that the executors be acquitted from the amount made; that the defendants should convey to the complainant, who was the purchaser; and unless these conveyances were made immediately, that commissioners should convey. The conveyance was accordingly reported. An execution was directed for the residue.
At an adjourned term of the same court, in the y.ear 1818, on the 14th of February, a petition was presented to the court, in the names of certain persons, styled the heirs, devisees and executors of David Ross, the defendant, sworn to by another person, who stated he was their agent, praying that the decree might be set aside and opened, and that they might be permitted to answer, as non-residents, according to the act of bly; which was resisted by the complainant, but granted by the court.
They thereupon immediately bled a demurrer to the bill,-which was also excepted to as improper, but was allowed to be filed; and on hearing, the court overruled it, and on application of the petitioners, on the affidavit of the agent, who stated that Ross’s heirs, de-visees and executors were all absent in Virginia, and that he never knew of the suit or decree until a few days before, and he believed none of the defendants knew' of it, the court gave time until next term, to file an-ansiver.
Guardian ad litem appointed for one of the absent defendants, and his answer admitted.
Answer of the other defendants offered, sworn to by agént, rejected.
'Answers admitted, aud new decree.
(1) Where an ancient decree has been improperly opened in the circuit court, it cannot be questioned in this court, by the party who opened it, nor can lie have the benefit of the subsequent decree.
(2) A decree ascertaining the compl’ts. demand, directing a sale and ordering the payment of costs, is final, and from its date the 7 years allowed absent defendants to answer, is to be computed, and not from the orders confirming the sale, and directing .«id ti'Tconvey-anee. These onU Je-i^oxjcutioii’ 0f wbat had been before
*136 Before this postponement, however, the counsel for the petitioners suggested that one of the petitioners was an infant, and prayed the appointment of a guardian ad Idem, which was granted, and the guardian im* mediately answered. This was excepted to on the part of Ihe complainants, particularly because there was no proof of infancy.
The counsel of the complainants then tendered an answer for the rest, which was sworn to by the said agent; and in the same affidavit, he professed his ignorance of the decree, until about thirty days previous, and his belief of the ignorance of all the petitioners. This answer the court rejected, and gave time until the next term.
At the next term., the petitioners answered, and filed a copy of the will of David Ross. The court set aside the former sale, and directed the land again to be sold, and the complainant’s debt to be first paid; next, payment for the improvements made thereon, assessed by commissioners, to be made, and then the residue to go to the executors of Ross. .
From this decree each party appealed. The defendants below assign errors in the original decree, which the court in part affirmed, as well as in the last decree, and the complainant assigns errors in permitting the defendants to come in and be heard at all, in the time and in the manner they were allowed, as well as in so much of the last decree as vacates the former sale.
(1) Before we notice any errors assigned by the defendants in the original decree, or any other exception to the final decree, it is proper we should first dispose of the question, whether the defendants could be admitted, when and as they were; for if they were improperly let in, and ought not to have been permitted to disturb the ancient decree in the court below, it seems clear that they ought not to question it here, or be allowed to have the benefit of the last decree. If the latter proceedings were irregular, the merits of the first decree ought not to be supposed to be before the court; nor can the latter decree stand, whether it be or be not equitable.
(2) Whether the time was or was not out for the appearance of the petitioners, must depend essentially upon the inquiry, whether the decree which we have recited, of December 1810, was or was not final; or is *137 that oí February (811 to be considered as the final decree? If the former, the seven years allowed for an appearance, by the statute, had expired; it the lutier, the appearance offered and made was within the term of seven years, by lour or five days.
^ty on the face of a <le<-fondant, is no cim<e foro-P^nng it and answS^ error or a’bill oí review is the
the order of pub-Hcation was “í í ^ ertfset i T is ,10 G¡m«e for opening a do-^gj^efen-«‘hints, & pér-nutting their 0Xpjrea.
(5) Quere— t!l®fter absent <le-femlant has petitioned to ere”, filed his demurrer and it; lms bren. ymeVTfife^ the answer, which will not exPire untij after the rfc^iZilf be complete.
*137 Upon examination of the decree of 1810, it will be readily seen, that it settled the whole controversy, the costs not excepted. It ascertained the complainant’s demand, and subjected the land to it by sale. The sale, it was true, was not executed ; but this was only a ministerial act, to effectuate what was decreed. The impropriety of treating decrees as interlocutory onlv, which leave only an act or acts to be done, to enectuate them, was noticed by this court in the case of Shelby and Roberts vs. Smith's heirs and executor, 2 Marsh. 504, and was decided to be final, in the cases of Larue vs. Larue, 2 Litt. Rep. 258, and Watson vs. Thomas, Litt. S. C. 248. The two last cases we deem in point, as to the principle which ought here to govern; and they setfle the matter, that, this decree is final, and could not be reached by a petition and answer; and the decree of 1811 can only be deemed a decretal order, to effectuate what the court had before determined.
(3) It has been urged, that the impropriety of the first decree is apparent on Us face, if so, it must be left to revision by writ of error or bill of review, and not in the present form.
(4) It has also been contended, that ad the order of publicalion was not advertised two months, hut only eight weeks, as heretofore held necessary by this court, it was no service of process, and that the original decree is void on that account. Whether it be void or voidable, it cannot be contested in this way; nor is there any necessity of doing so, if void; for, in that case, the rights of the defendants cannot be prejudiced by it, and the legal title is with them still.
(5) It has been insisted, that the time expired, even if the decree of 1811 be taken as the final decree; because the court gave time to answer after the seven jears had expired, which could not be done. We have not thought it necessary to decide this question, nor the numerous other questions presented in the record, because the noint decided renders it unnecessary to say more. * '
SharP’ 'foli Fidld; mbb aDd 'Crittenden, for Ross’s ex-CCOtofSj &&C&
All proceedings, therefore, including the appearance defendant, and every subsequent act or decree,must be reversed and held for naught, with costs against the devisees and heirs of Ross, as to both appeals»