Judge Underwood
delivered the opinion of the Court.
A decree directing defendants to' convey to the complainant by a given day, “a tract of land containing acres of good aualit-v,- " *498 watered and timbered, and fit for cultivation; lying in the boundaries of Nelson, Jefferson or Fayette counties, in 1785, if in the power of the defendants to do so out of any lands descended to them, and if not, then a jury to be empannelled on the 10th day of the next term of the court, to assess the damages sustained by the complainant, on the non-performance of a certain contract,” &c. and concluding by stating that the' damages so to be assessed, “ shall be paid by the heirs out of any assets in their hands, or coming to them* as heirs, within thirty days, after the assessment; and if not so paid, then the complainant to be permitted to coerce the same,by execution, according to law, against the estate of John May the ancestor,” is either a nullity, or merely interlocutory, and declaratory of the principles which shall finally settle the controversy. So-far as it pretends to direct a conveyance, it is a perfect nullity; because, it does not settle or ascertain any thing. It holds out the idea, that the defendants may discharge themselves from damages by a conveyance of acres of land of good quality, &c. Who is to decide how many acres shall be conveyed, and who is to determine its quality, whether it is well watered, &c.? And yet according to the decree, if the defendants do not satisfy this absurd previous condition, they are to pay damages. And it is-now contended, that the declaration that they shall pay damages, in case they fail' to comply with the decree,in respect to the conveyance* is final* and that the court cannot open the ease in any respect, hut must go on and assess the damages and make- the- defendants pay them. We cannot admit it. Damages cannot be finally decreed, until the amount is rendered certain by assessment. Until then* the-court can only lay down a principle which may be changed at any time, if laying down a principle merely, by which the cause should be ultimately disposed? of, rendered decrees final in every instance, half the interlocutory decrees in our courts would be converted into-final sentences. The above decree did in fact decree nothing finally, because nothing had been finally settled by the court. It is not like the cases of Watson vs-. Thomas, Select cases 248; Same vs. Same, 2 Litt. 258, and Field vs. Ross’s executors, 1 Monroe, 133. In these cases the court had reduced to certainty the *499 rights of the parties, and adjudicated on them and had nothing more to do than to see that their decrees were carried into effect. There were no conditions, no damages to be assessed in futuro, and no doubt or difficulty as to the extent and meaning of the court. This case is widely different, and therefore, it was proper to set aside the unmeaning decree, if it deserves the name of a decree, and to permit the answers to come in. We perceive no error.
Triplett, for plaintiff; Crittenden, for defendants.
Decree affirmed, with costs.