MARTIN B. THOMPSON

*v.*

CALVIN H. FREW.

*Filed at Springfield October 1, 1883.*

1. PARTITION — *where a part of the premises are under mortgage — what title passes in case of a sale.* Where land is sold under a decree in a proceeding for partition, the court having jurisdiction of the subject matter and of the parties in interest, the purchaser will acquire the entire title,— the interest and estate of all the parties,—and this though some of the shares were mortgaged; and the failure of such purchaser to make defence to a bill to foreclose the mortgage, which he might have made, will not preclude him from acquiring title under a subsequent decree of sale, in a partition proceeding.

2. SAME — *effect of subsequent foreclosure on- rights of purchaser in partition.* On bill to foreclose a mortgage on a part interest in land, the court has no power, in its decree, to nullify, reverse or modify a decree of sale in a proceeding for partition of the same land, where no such purpose is indicated in the bill, and the parties in the partition case are not brought before the court for that purpose.

3. SAME — *power and duty of court as to mortgage on part interest.* In decreeing a partition of land, the court has the power, and it is its duty, to provide for the satisfaction of any valid mortgage upon the interest of any one of the tenants in common, in case a sale of the premises is ordered.

4. SAME — *power to determine as to distribution of proceeds of sale.* Where a sale is decreed on partition, it is competent for the court to investigate all .questions of conflicting or controverted titles to the premises, and determine who is entitled to receive the whole or any part of the proceeds of

the sale; and when the court, on the petition of a purchaser who is not a party to the suit, determines that he is entitled to a certain share thereof, and orders that he may retain the same as his own, such finding and order are conclusive in a collateral proceeding.

5. SAME—*mode of procedure in case of foreclosure.* A mortgagee of an undivided interest in land may have a decree of foreclosure for breach of condition, during the pendency of a suit for the partition of the premises, but the decree can only be enforced in conformity with the adjudication in the partition proceeding,—that is, in case of division, to sell the part assigned to the mortgagor, and in case of sale, to appropriate the proceeds which would otherwise go to the mortgagee *pro tanto,* in satisfaction of the amount due upon the mortgage.

6. Where a valid decree of partition of land is made and a sale of the premises ordered, and a disposition made of the proceeds of the sale, so much of a decree of foreclosure of a mortgage upon an interest in the land as directs a sale of the property is invalid, for want of jurisdiction in the court, of that question, it having been previously withdrawn and exercised in the decree of sale in the partition suit.

7. SAME—*when purchaser protected against errors, etc.* A purchaser of land under a decree of partition, who is not a party to the suit, is not affected by any mere irregularity in the proceeding not going to the jurisdiction of the court. If the court had jurisdiction of the subject matter and of the parties in interest, such a purchaser under a decree of sale will be protected.

8. SAME—*decree binds administrator of a party.* Where a proceeding for the partition of land is had, making a mortgagee of an interest in the premises a party, his administrator claiming title by purchase under a decree for the foreclosure of the mortgage, will be bound by the decree and sale in the suit for partition.

WRIT OF ERROR to the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding.

This was a bill in chancery, exhibited in the Ford circuit court, by Martin B. Thompson, administrator of the estate of Jonas F. Randolph, deceased, against Calvin H. Frew, for partition. The court decreed, on final hearing, in favor of the defendant, and the complainant has thereupon sued out this writ of error.

The material facts are, in brief, as follows: The Illinois Central Railroad Company, being the owner of all that part

of the south-east quarter of the north-east quarter of section
18, township 23 north, range 10 east, of the third principal
meridian, lying west of the track of the Illinois Central rail-
road, in Ford county, on the 28th of May, 1866, conveyed the
same to Loretta Goodrich, and she, on the 3d of June, 1868,
conveyed the same to Loretta Goodrich, Caroline H. Good-
rich, Theodore E. Goodrich, N. Kniffin Goodrich, Isabel Davis
Goodrich, Florence Goodrich, and William Goodrich. On the
5th of June, 1868, Loretta Goodrich, Theodore E. Goodrich
and William Goodrich conveyed, by quitclaim deed, all their
right, title and interest in the tract to Laura Ann Goodrich.
She mortgaged the same interest on the 28th of October,
1868, to Jonas F. Randolph, to secure the payment of a cer-
tain promissory note, but the mortgage was not filed for
record until January 11, 1869. Meanwhile, on the 14th of
December, 1868, said Laura Ann Goodrich (her husband,
William A. Goodrich, joining her in the execution of the
deed,) conveyed by deed, with special covenants of warranty,
the same interest to William Goodrich, and he, on the same
day, executed a mortgage on the same interest back to Laura
Ann Goodrich, to secure the payment of certain promissory
notes. May 13, 1872, Laura Ann Goodrich filed her bill in
chancery in the office of the clerk of the circuit court of Ford
county, against William Goodrich, to foreclose the last men-
tioned mortgage. Summons was duly issued and served, and
on the 4th of September, 1873, that court rendered a decree of
foreclosure, directing a sale of the mortgaged property by the
master in chancery. The property was sold by the master in
chancery pursuant to the decree, on the 15th of November,
1873, to said Laura Ann Goodrich, and on the 26th of Janu-
ary, 1874, she sold and assigned the certificate of purchase to
Calvin H. Frew, to whom the master in chancery executed a
deed on the 22d of April, 1875. Carrie A. Goodrich com-
menced proceedings for partition of the said tract against
William A. Goodrich, Laura A. Goodrich and Jonas F. Ran-

dolph, to the April term, 1874, of the Ford circuit court.   De-
cree was rendered at that term that partition be made, and
commissioners were appointed for that purpose.   The com-
missioners reported, at the September term, 1874, of the court,
that the land was unsusceptible of division.   This report was
approved by the court at the same term, and a decree was also
then entered that the land be sold by the master in chancery.
The master in chancery proceeded to advertise and sell the
property pursuant to this decree, and on the 17th of March,
1876, he sold the same to Calvin H. Frew, and thereafter,
on the same day, he executed to him a deed therefor.   Mean-
while, before this last mentioned date, namely, on the 1st
of August, 1874, Jonas F. Randolph filed in the office of
the clerk of the circuit court of Ford county his bill to
foreclose the mortgage so executed to him as aforesaid by
Laura Ann Goodrich, making Laura Ann Goodrich, Calvin
H. Frew and Robert Frew, defendants thereto.   It will be
assumed that the defendants were properly brought into
court.   On the 3d of January, 1875, Jonas F. Randolph
died intestate, and soon thereafter Martin B. Thompson was
duly appointed by the proper tribunal administrator of his
estate.   By an order of court made on the 23d of March,
1875, Thompson was substituted as complainant in lieu of
Randolph, and on the 17th of April, 1875, a decree *pro con-
fesso* was rendered by the court, decreeing a foreclosure and
sale of the mortgaged premises, as prayed.   On the 26th of
June, 1875, the master in chancery sold the mortgaged prem-
ises, pursuant to the decree, to Martin B. Thompson, and on
the 24th of January, 1877, he executed a deed to him.

On the 25th of March, 1876, Calvin H. Frew presented his
petition to the court, (notice of which he testifies Thompson
had,) averring that he was owner of three-sevenths of the
premises purchased by him at the master's sale, in the suit
for partition of Carrie A. Goodrich against Laura Ann Good-
rich, William A. Goodrich and Jonas F. Randolph; that he

was not a party to that suit, and praying that he be allowed to retain three-sevenths of the purchase money. The court referred it to the master in chancery to take and report the evidence on this petition, and on the coming in of the master's report, on the 11th of April, 1876, the court decreed in conformity with the prayer.

On the 14th of December, 1876, Martin B. Thompson filed his petition in the same case. The petition recites the obtaining of a decree by Laura A. Goodrich against William Goodrich; the sale thereunder to Laura A. Goodrich; the assignment by her of the certificate of sale to Frew, and the master's deed thereunder to Frew; recites, also, the partition proceedings on the petition for partition by Carrie A. Goodrich against William Goodrich, Laura Ann Goodrich and Jonas F. Randolph, and the sale thereunder, and the petition of Frew for three-sevenths the purchase money thereunder, and the decree granting his petition; recites, also, the foreclosure of the mortgage from Laura A. Goodrich to Randolph, and the sale and deed thereunder to him, (Thompson) as administrator. Petitioner prays for a decree against Frew, requiring him to pay into court the full amount of money received by him under the decree granted in his favor allowing him three-sevenths of the purchase money in said partition case, and that said three-sevenths of said purchase money be paid to him (Thompson.)

The answer of Frew to said petition, filed May 11, 1877, denies that petitioner obtained a valid decree of foreclosure of the Goodrich-Randolph mortgage, but avers that petitioner fraudulently obtained a pretended decree, by obtaining the appearance of Laura A. Goodrich through misrepresentations; that said appearance was kept off the files, so that said Frew, her solicitor, did not know she had been brought into court; avers that on December 14, 1868, Laura Ann Goodrich sold and conveyed her three-sevenths of said premises to William Goodrich, who then resided on the land, and con-

tinued to reside, yet he was not made a party to the suit fore-
closing the Goodrich-Randolph mortgage; that the defendant
had no notice that a decree was to be taken; that neither
the note nor mortgage was offered at the hearing in said fore-
closure suit; that Laura A. Goodrich's husband did not join
her in the mortgage; that the decree was for more than was
due; that the master in chancery who made the sale was
Thompson's attorney, and gave him advice in said matter;
that the land was described in three separate pieces, yet the
master sold the same *en masse*, without offering separately;
that the Randolph mortgage contained a provision that it
should be released as to this land when Laura A. Goodrich
paid off the Wood and Frew mortgage on other land covered
by the Randolph mortgage; that on March 21, 1876, the
Wood and Frew mortgage was released, and demand made
on Thompson to release the Randolph mortgage as to this
land, which he refused to do; that defendant became the
owner of three-sevenths of said land through the foreclosure
of the mortgage from William to Laura Goodrich; that
defendant purchased under the partition proceedings, with
the express understanding that he should receive a credit of
three-sevenths; that when the master reported said sale he
filed a petition that he be allowed such a credit, and the court
made a decree granting his petition; that Randolph's attor-
ney appeared and cross-examined witnesses at the hearing of
said petition; that said Thompson had notice of said peti-
tion; denies that Thompson is justly entitled to three-sevenths
of said money. The answer was sworn to. Replication was
filed to this answer. No hearing has yet been had on the
issue thus presented.

On the 22d of April, 1879, Thompson filed a bill of review
in the Ford circuit court, in the partition suit. To this Frew
filed a plea denying the right of Thompson to have the record
reviewed, because the mortgage under which he claimed was
void. There does not appear to be any final order or decree

in this case, in the record, although it is asserted by defendant in error that the court rendered a decree dismissing the bill of review.

On the 2d of June, 1876, Calvin H. Frew filed a bill of review in the Ford circuit court, in the foreclosure case, wherein Thompson was complainant and they were defendants, and they subsequently filed a petition in the same case to set aside the master's sale to Thompson. Demurrers were sustained to both, and on appeal to this court that ruling was affirmed. (See *Goodrich et al.* v. *Thompson*, 88 Ill. 206; *Same* v. *Same*, id. 547.) The decisions in these cases, however, in nowise affected the question of the validity or invalidity of the decree of foreclosure, or of the sale thereunder. It was simply held, in the one case, that the bill was not properly framed as a bill of review, and in the other, that the evidence not being preserved in the record, it could not be known that the court erred in denying the prayer of the petition,—for aught that appeared no evidence had been offered in support of it.

Mr. M. H. CLOUD, for the plaintiff in error:

Mr. Goodrich and Mr. Frew, by their default, are estopped to deny the validity of the mortgage or the sufficiency of the decree. *Manchester* v. *McKee*, 4 Gilm. 17; *West* v. *Krebaum*, 88 Ill. 263; *Butterfield's Appeal*, 77 Pa. St. 195; *Massachusetts Mutual Life Ins. Co.* v. *Kellogg*, 82 Ill. 614; *Gault* v. *Hoagland*, 25 id. 268.

The defendant had an opportunity to make a defence, and can not now be heard to assert any defence he could have made in the foreclosure proceedings. *Higgins* v. *Bullock*, 73 Ill. 205; Freeman on Judgments, sec. 256; *Werner* v. *Heintz*, 17 Ill. 26; *Blackburn* v. *Bell*, 91 id. 434; 6 Wait's Actions and Defences, pp. 784, 786, secs. 26–29.

To permit Frew to question this decree in this manner, would be to override the long established doctrine of the

courts that the records import absolute verity. *Bartlett* v. *Wolf,* 70 Ill. 76; *Searl* v. *Galbraith,* 73 id. 269.

Frew purchased *pendente lite,* and thereby became a party, and is chargeable with notice of any defect in the proceeding. *Loomis* v. *Riley,* 24 Ill. 307.

The court was required to find and declare the rights and interests of each of the parties before the appointment of commissioners. Rev. Stat. 1874, p. 750, secs. 15, 16, 19; *Greenup* v. *Sewell,* 18 Ill. 54; *Tibbs* v. *Allen,* 27 id. 128.

A valid decree of partition is an essential preliminary to an order of sale. *Denning* v. *Clark,* 59 Ill. 218.

To sustain his deed, Frew must show a valid decree. *Johnson* v. *Baber,* 35 Ill. 98; *Chase* v. *Dana,* 44 id. 262.

There is nothing in the record in the partition suit to show that the court passed upon the Randolph mortgage in any manner. It was error to declare title in Frew, and quiet the title in him. *Iberg* v *Webb,* 96 Ill. 415.

Plaintiff in error, as administrator of Randolph's estate, purchased the premises to secure a debt due the estate, and the premises became assets in his hands. Rev. Stat. 1874, p. 626, sec. 38.

Mr. CALVIN H. FREW, *pro se:*

If the decree of foreclosure was void, it may be impeached in this proceeding. *Campbell et al.* v. *McCahan et al.* 11 Ill. 45; *Goudy* v. *Hall,* 30 id. 109; *Whitney* v. *Porter,* 23 id. 445.

The mortgage of Laura A. Goodrich, dated October 29, 1866, was void, for the reason her husband failed to join in its execution. *Merritt* v. *Yates,* 71 Ill. 636; 1 Jones on Mortgages, sec. 102; *Black* v. *Dressell,* 20 Kan. 153; *Edwards* v. *Taliafero,* 34 Mich. 13; *Elder* v. *Jones,* 85 Ill. 384; *Herdman* v. *Pace,* id. 345; *Lewis* v. *Graves,* 84 id. 205; *Morrison* v. *Brown,* 83 id. 562.

If void, the court had no jurisdiction to foreclose the same, and the decree is a nullity. Freeman on Judg. secs. 117-120.

As the partition decree sold the premises discharged of the mortgage lien, the defendant in error took a perfect title as against such mortgage. *Kilgour* v. *Crawford*, 51 Ill. 252; *Denning* v. *Clark*, 59 id. 218.

On April 11, 1876, the court decreed that this defendant was the owner in fee simple of said three-sevenths, prior to the master's sale, and was entitled to three-sevenths of the purchase money, of which the complainant had notice, and consented both to the filing of the petition and granting of the decree, and can not now be heard in a court of equity to claim title to the same premises, but is estopped; otherwise a great injury would result to the defendant. *Flower et al.* v. *Elwood et al.* 66 Ill. 440; *Dorlarque et al.* v. *Cress et al.* 71 id. 380; *The People* v. *Brown et al.* 67 id. 435; *Davidson* v. *Young et al.* 38 id. 146.

A purchaser not a party to the suit is not affected by errors and irregularities in the proceeding, without actual notice. *Swiggart et al.* v. *Harber*, 4 Scam. 464; *Rigg* v. *Cook*, 4 Gilm. 336; *McCormick* v. *Wheeler*, 36 Ill. 119; *Durham et al.* v. *Heaton*, 28 id. 264; Rorer on Judicial Sales, sec. 589; *Spring* v. *Kane*, 86 Ill. 580; *Harris* v. *Lester*, 80 id. 307; *Townsend* v. *Cox*, 45 id. 401; *Iverson* v. *Loberg*, 26 id. 179; *Bliss et al.* v. *Heasty et al.* 61 id. 338; *Mulford* v. *Stalzenback*, 46 id. 303.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The decree of foreclosure in favor of plaintiff in error did not affect the interest which the defendant in error derived by the master's deed under the partition sale, for the plain reason that the decree of foreclosure was rendered on the 17th of April, 1875, and the master's sale under the decree for partition did not occur until the 17th of March following (1876.) The failure to make defence as to the interest affected by the foreclosure,—*i. e.*, that which defendant in error obtained by the master's deed under the decree fore-

closing the mortgage of William Goodrich to Laura Ann Goodrich,—can, upon no principle that we are aware of, be held to preclude the defendant in error from obtaining title to the whole of the property at the master's sale under the decree for partition. The interests are totally distinct and independent of each other. Randolph was a party to the decree for partition, as the record shows, and he is, therefore, bound by it. Defendant in error was not a party to that decree, and he is, therefore, affected by no mere irregularity not going to the question of jurisdiction. There was jurisdiction of the persons and of the subject matter of the suit, and there was a decree of sale, and this was sufficient to protect defendant in error, whether the prior decree for partition was rendered or not. *Hunter* v. *Stoneburner*, 92 Ill. 75; *Allman et al.* v. *Taylor et al.* 101 id. 185; *Mulford* v. *Stalzenback*, 46 id. 303.

The questions decided in *Greenup* v. *Sewell*, 18 Ill. 54, *Tibbs* v. *Allen*, 27 id. 128, *Sullivan* v. *Sullivan*, 42 id. 315, and *McLain* v. *Van Winkle*, 46 id. 406, cited by counsel for plaintiff in error, arose upon error or appeal, in a direct proceeding to reverse the decrees or judgments, and not, as here, collaterally. Plaintiff in error, here, stands in the shoes of Randolph, whose estate he represents, and is therefore affected, as a party, by the decree in the partition case. It can need no authority to prove that the court could not, in the decree of foreclosure, nullify, reverse or modify the decree in the partition case, no such purpose being indicated by the bill, and the parties in the partition case not being brought before the court for that purpose.

The mortgage was but a lien on the interest covered by it, and it was competent for the court in decreeing partition, and, indeed, it was the duty of the court, if the lien was valid and subsisting, to provide for its satisfaction in the event of the sale of the interest. The statute expressly provides that "a person having a mortgage, attachment or other

lien on the share of a part owner, shall be concluded by the judgment in partition, so far as it respects the partition and the assignment of the shares, but his lien shall remain in full force upon the part assigned to or left for such part owner." (Rev. Stat. 1874, chap. 106, sec. 24, p. 751.) And when the premises can not be divided, but are sold under decree of the court, it is made the duty of the court to divide the proceeds of the sale according to the interests of the parties. (Rev. Stat. 1874, chap. 106, sec. 31, p. 752.) And, besides this, by section 39, power is also given the court "to investigate and determine, in suits for the partition of real estate, all questions of conflicting or controverted titles," etc. Where, therefore, a sale was decreed, it was competent for the court to investigate the claim made by the plaintiff in error, and that made by the defendant in error, to three-sevenths of the proceeds; and this the court proceeded to do. Whether in that determination there was error, or whether the question is still pending, we can not now inquire, a direct proceeding by error or bill for review being the only mode by which such inquiry can be made.

When the court acquired jurisdiction in the partition case, and proceeded to act, the mortgagor was still entitled, in default of performance of the condition of the mortgage, to have a decree of foreclosure, but its decree could, of necessity, only be enforced in conformity with the prior adjudication in the partition proceedings,—*i. e.*, in case of division, to sell the part assigned to the mortgagor, and in case of sale, to appropriate the proceeds, which would otherwise go to the mortgagor, *pro tanto*, in satisfaction of the amount due upon the mortgage. By no possibility could the decree of foreclosure, pure and simple, change or materially affect the rights of the parties, or the question of the necessity of a sale, as previously fixed by the decree of partition, or the rights of purchasers under such sale. So much of the decree of foreclosure in the present case as directs a sale of the

property described, is, therefore, invalid, because that court had then no jurisdiction of that question, it having been previously withdrawn and exercised in the decree of sale in the partition suit. To that extent there was wanting jurisdiction of the subject matter.

We see no cause to disturb the decree below. It is therefore affirmed.

*Decree affirmed.*