## Job L. Spencer et al.

### v.

## Benjamin B. Wiley et al.

*Limitations—Suit for Partition—Chap. 106, R. S.*

1. If, in a partition suit under Chap. 106, R. S., the court finds the sum due upon a mortgage theretofore given by one of the part owners upon his undivided interest in the whole tract, and adjudges that it shall be charged wholly upon the part set off to the mortgagor or his successor in interest, the running of the statute of limitations against the incumbrance is not interrupted, and no new cause of action is created upon which the statute begins to run from the date of the partition, decree or judgment.

2. That portion of the decree in the case presented finding the amount, was surplusage, the premises having been partitioned, the only effect of this decree being to apply the incumbrance to a lot named.

[Opinion filed December 31, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Francis M. Wright, Judge, presiding.

Mr. F. P. Read, for appellants.

Mr. Joseph Wright, for appellees.

MR. JUSTICE GARY.    The question arising in this case may
be very shortly stated as follows :   If, in a partition suit un-
der Chap. 106, R. S., the court finds the sum due upon a
mortgage theretofore given by one of the part owners, upon
his undivided interest in the whole tract, and adjudges that
it shall be charged wholly upon the part set off to the mort-
gagor or his successor in interest, is the running of the
statute of limitations against the incumbrance interrupted,
and a new cause of action created upon which that statute
begins to run from the date of the partition decree or judg-
ment ?

The court below answered, as we think correctly, this
question in the negative.

The facts, in brief, are that in 1873 Wiley executed a trust
deed in the nature of a mortgage, conveying the undivided
fourth part of twenty acres to secure the payment of a
promissory note falling due June 27, 1875.   His interest in
the property became vested in Sarah Wiley.   July 7, 1884,
by a decree in a partition suit, Lot 16, on a plat made in the
suit, was set off to her.

The court found that $17,097.08 was due upon the incum-
brance and then follows:   "The court further orders, ad-
judges and decrees, that the respective interests and rights
of the respective parties named herein be set off to the said
parties as herein decreed, subject to the respective liens on
the respective interests as found and decreed by the court,
and that all liens and incumbrances herein named follow
and revert to and become a lien on the respective interests
in the premises as they shall be set off to the respective
owners herein."

That portion of the decree finding the amount, was simply
surplusage.   If it had become necessary to sell the whole
tract, because not susceptible of partition, then in the division
of the proceeds, the finding of the amount would have been
necessary.   Thompson v. Frew, 107 Ill. 478.   But suppose
the part of the proceeds to which that incumbrance attached,
had been insufficient to pay it, it can hardly be contended
that the court, in that suit, could have made a personal de-

cree in favor of the incumbrancer against Benjamin B. Wiley, for the deficiency.

As the premises in fact were partitioned, the amount was not in question. The only effect of the decree was to fold up the incumbrance and lay it all upon Lot 16.

The bill in this case to foreclose the trust deed was filed April 30, 1890. The note had been due nearly fifteen years; the limitation is ten years, and the answer set that up as a bar, and the decree is affirmed.

<em>Decree affirmed.</em>

Mr. Justice Waterman, dissenting. The only question in this case is, whether the decree rendered by the court in the partition proceedings, establishing the existence of a lien upon the interest of one of the parties to said suit, and the further finding by the court of the amount of such lien and its transfer to the portion of the divided premises set off to the party upon whose interest such lien was found to exist, the further finding and decree from what source the said lien arose, the amount then due thereon, and to whom the same belonged, is a final decree as to the indebtedness concerning which such finding was.

The language of the finding is, "And the court further orders, adjudges and decrees that the entire of said undivided quarter interest in said southeast quarter of  *  *  *  belonging to said Sarah Wiley, and the same quarter interest which was conveyed  *  *  *  is subject to the following liens and incumbrances: First, a trust deed executed by Benjamin B. Wiley to Daniel L. Shorey, dated April 19, 1873, to secure the sum of $11,090, represented by the note of said Wiley, payable to Gideon L. Spencer, with interest thereon at the rate of six per cent per annum after maturity, which note and trust deed is now the property of said Spencer and on which there is due the sum of seventeen thousand ninety-seven dollars and eight cents ($17,097.08)."

In partition proceedings had under the statute, it is the duty of the court, as declared by Sec. 13 of the Partition

Act, to "ascertain and declare the rights, titles and interest
of all parties to such suit, the petitioners as well as the de-
fendants."

In all proceedings on the partition of real estate, the
court may, it is now provided, investigate and determine all
questions of conflicting or controverted titles, and remove
clouds upon the title to any of the premises sought to be
partitioned  *  *  *  and may by its decree apportion in-
cumbrances among the parties to whom incumbered prem-
ises are allotted. Secs. 15 and 49, Hurd's Revised Statutes,
Ed. of 1891.

In pursuance of this power the court, in said partition
proceedings, found and decreed that a certain interest in the
premises sought to be partitioned was subject to a certain
incumbrance, viz.: A certain trust deed executed by a cer-
tain grantor to a certain grantee to secure a certain sum
represented by a note of a certain person, payable to a cer-
tain payee, bearing interest at a certain rate, which note and
trust deed the court further adjudged and decreed was then
the property of the said payee and on which the court ad-
judged and decreed there was due the sum of $17,097.08.
Sarah Wiley, Benjamin B. Wiley, Gideon Spencer, John G.
Shortall and Daniel L. Shorey were parties to said partition
proceedings, and were concluded by the decree therein ren-
dered. Sarah Wiley derived title to said premises from
Benjamin Wiley.

To my mind, manifestly, after the rendition of such decree,
neither Benjamin B. nor Sarah Wiley could, in a collateral
proceeding, be heard as against any of the parties to said
decree, to say that Benjamin Wiley never executed the
trust deed to Daniel L. Shorey, described in said decree, or
the note in said decree mentioned, or that the said trust
deed was not to secure the sum and note specified in said
decree, or that there was not then due thereon the sum de-
clared and adjudged by said decree to be due.

Manifestly, had Sarah and Benjamin Wiley thereafter, in
this collateral proceeding by Gideon L. Spencer, brought to
foreclose the lien created by said trust deed and established

by said decree, set up that the said trust deed was a forgery or that there never had been such a note, or that at the time of the rendition of said decree only the sum of $500 was due thereon, they would have been estopped by the language of the decree.

As to the matters over which the court in the partition suit had jurisdiction, its decree as between the parties to that proceeding was final; was an establishment of certain matters; put them, as between such parties, beyond dispute. Thompson v. Frew, 107 Ill. 478; Priest v. Wheelock, 58 Ill. 114.

It is urged that the statute did not authorize the court to do more in the partition proceedings than to ascertain titles, partition the premises, and apportion the incumbrances; that no warrant is to be found in the statute for changing the status of a mortgage.

If this were so, yet would the decree actually rendered be final and binding in a collateral proceeding, upon the parties thereto. The validity of decrees when called in question in collateral proceedings, is determined, not by the regularity of the proceeding in which they have been entered, or their freedom from error, but by the jurisdiction, if any, which the court had to render them; that is, its jurisdiction over the subject-matter of, and the parties to, the decree. Bigelow on Estoppel, Fifth Ed., page 103; Mueller v. Henning, 102 Ill. 646; Richards v. Barlow, 140 Mass. 218; Duchess of Kingston's Case, Smith's Leading Cases, 9th Am. Ed. 2085.

The only question now presented would seem to be, was the decree in the partition suit as between the parties to that litigation, and their privies, a final decree as to the existence of the said incumbrance, the debt it was made to secure, and the amount thereof.

The decree fulfills all the necessary conditions of a final decree; that is, it was the final judgment and order of the court, pronounced on hearing and understanding all the points in issue in the matter concerning which the decree was, and as to which it established, according to equity and good conscience, the rights of the parties to said suit.

A decree is final if it decides the rights of the parties on the merits, although it make a reference to ascertain the amount due from one party to the other on the basis of the adjudication, reserving nothing except to determine that the report is strictly in accordance with the decree. 2 Daniell's Ch. Prac., 994, Note 8, Fifth Am. Ed.; Mills v. Hoag, 7 Paige, 18; Jones v. Wilson, 54 Ala. 50–53; Quackenbush v. Leonard, 10 Paige, 131–136; Black on Judgments, Secs. 41–43; Kelly v. Stanberry, 13 Ohio St. 408–421; Forgay v. Conrad, 6 How. (U. S.) 201–203; Winthrop Iron Co. v. Mecker, 109 U. S. 180; Larne v. Larne, 2 Litt. 261.

In Talbot v. Tood, 7 J. J. Marshall's Repts., 456, 459, a decree for a specific sum of money and the partition of land, appointing commissioners to make partition and report, was held to be a final decree.

Although this suit is based upon the decree rendered in the partition proceeding, yet no matter of fact can, between the parties to and as to which there was in that case a final judgment, be in this suit again called into question.

Even upon a second appeal, matters adjudged upon the first trial, and standing unreversed, can not be again inquired into. N. Y. Life Ins. Co. v. Clemmitt, 77 Va. 366–374; Supervisors v. Kennicott, 94 U. S. 498.

The finding and decree as to the existence of the lien upon these premises for the amount of $17,097.08 made in the partition proceeding, being concerning a subject over which the court had full jurisdiction, and between the parties to this litigation, such decree merged the note therein mentioned in the decree then made; such was the conclusion of the master in the present case, and in accordance with his report a decree for the foreclosure of such lien should be made.